521 So.2d 1106 (1988)
Carl PUIATTI, Appellant,
v.
STATE of Florida, Appellee.
No. 65321.
Supreme Court of Florida.
March 17, 1988.
Patrick D. Doherty, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen. and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
*1107 OVERTON, Justice.
This case is before us on remand from the United States Supreme Court for reconsideration in light of its recent decision in Cruz v. New York, ___ U.S. ___, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987). We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
The appellant, Carl Puiatti, and Robert Glock II were charged with kidnapping, robbery, and murder of a female victim in 1983. Both men individually confessed to participating in the crimes, each suggesting the other had instigated the killing and offering a different sequence of who fired the shots at the victim. Later, Puiatti and Glock issued a joint confession, signed by both, resolving the inconsistencies in their prior confessions. Puiatti and Glock were tried jointly, found guilty, and sentenced to death. A more extensive statement of facts is set out in our opinion on direct appeal in Puiatti v. State, 495 So.2d 128 (Fla. 1986), vacated, ___ U.S. ___, 107 S.Ct. 1950, 95 L.Ed.2d 523 (1987).
In that appeal, Puiatti argued the trial court's failure to grant a severance denied his right to confront Glock as to those portions of Glock's initial confession which implicated Puiatti. We rejected that argument and affirmed the conviction and sentence, relying on the United States Supreme Court decision in Parker v. Randolph, 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979). In doing so, we stated:
We find that Bruton [v. U.S., 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968)] is not applicable under the facts of this cause, concluding that Parker v. Randolph controls this case. In Parker, the United States Supreme Court held that Bruton does not require reversal of a defendant's conviction when the defendant himself has confessed and his confession "`interlocks' with and supports the confession of his codefendant." Confessions interlock when the salient facts against the first defendant that appear in the confession of the second defendant also appear in the confession of the first, and vice versa.
.....
In this case, Puiatti and Glock offered interlocking confessions. The initial individual confessions contained only slight inconsistencies, and each set forth sufficient evidence on the charged crimes to sustain the confessor's conviction. The fact that Glock's initial confession might have been exculpatory toward Puiatti concerning some details does not render its admission harmful when Puiatti's own confession clearly shows him guilty of the crime with which he is charged. Further, the subsequent joint confession, admitted without objection by Puiatti, reconciled the minor discrepancies of the individual confessions by Puiatti and Glock. We conclude that the trial court correctly denied Puiatti's motion for severance during the guilt phase of the trial. We emphasize that the inconsistencies between Puiatti's and Glock's initial confessions do not affect their guilt in the charged crimes since both admit they shot the victim.
Puiatti, 495 So.2d at 130-31 (citations omitted).
The United States Supreme Court has now departed from the Parker principles in Cruz and, as a result, has directed that we reconsider our holding in light of Cruz. After doing so, we conclude that, under the principles adopted in Cruz, the introduction of the individual interlocking confession of Glock and the joint confession was harmless error, even if it was error. We recognize that the United States Supreme Court, in departing from the Parker view, has directed that [Bruton] applies even when the defendant's own confession corroborates that of his codefendant which is introduced against him. The Cruz court receded from the majority opinion in Parker, accepting instead Justice Blackmun's view that, while the introduction of a defendant's own interlocking confession cannot cure the confrontation clause violation caused by introduction of the nontestifying codefendant's confession, it may, in some cases, render that violation harmless. Parker, 442 U.S. at 79, 99 S.Ct. at 2142 (Blackmun, J., concurring in part and concurring in the judgment). As we interpret Cruz, trial courts must recognize *1108 that a nontestifying codefendant's confession in a joint trial violates the confrontation clause except in those limited circumstances where indicia of reliability can be established. Once such a confession is introduced, the reviewing court must determine whether indicia of reliability exist or whether the introduction of a codefendant's confession meets the harmless error test.
We fully recognize the Supreme Court's warning about the potential damning effects of a codefendant's confession on the incriminated defendant. However, we find that the facts in the instant case are clearly distinguishable from those in Cruz because Puiatti and Glock not only entered into separate interlocking confessions, but they also subsequently entered into a joint confession resolving all prior inconsistencies. Neither Cruz nor Parker concerned a true joint confession entered into by both defendants. The joint confession, as we explained in the majority opinion, is substantially consistent with the individual confessions of Glock and Puiatti. Further, the joint confession was so interlocking, we do not believe Bruton applies because reliability was clearly established, but, even if it was error, its use with Glock's name was harmless. We find the introduction of the individual confession of Glock to be harmless error under the circumstances of this case, and it falls squarely within the harmless error situation noted by Justice Blackmun when he stated: "I fully recognize that in most interlocking confession cases, any error in admitting the confession of a nontestifying codefendant will be harmless beyond a reasonable doubt." Id. at 79, 99 S.Ct. 2142 (Blackmun, J., concurring in part and concurring in the judgment).
Accordingly upon reconsideration in light of the new principles adopted by the Supreme court in Cruz, we find that the alleged confrontation clause violation caused by the introduction of Glock's confession was harmless. We again affirm Puiatti's conviction and sentence of death.
It is so ordered.
McDONALD, C.J., and OVERTON, ERHLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.