PER CURIAM.
Defendant Lynn Wetz appeals from a jury verdict finding him guilty of second *1191 degree murder. We affirm.[1]
Wetz was charged with the first degree murder of Michael Grindle. Bettye Grin-dle, the wife of the victim, was charged with being an accessory after the fact. During initial questioning on the day of the murder, Bettye gave several different accounts of the events to the police, stating first that Michael must have been killed during a burglary attempt and then stating that Wetz killed him. Wetz went to the police voluntarily. He also gave conflicting versions of the murder, stating first that he had no knowledge of what happened because he never left the car, and stating finally that he killed Michael in self-defense because Michael threatened to kill him and came at him with something in his hand.
Both Bettye and Wetz moved for severance prior to the trial and the motions were denied. During the course of the joint trial, the statements made by Bettye and Wetz were admitted into evidence through testimony by the investigating officers. Certain of Bettye’s pretrial statements implicating Wetz were introduced with a cautionary instruction to the jury that the evidence should be considered only in relation to Bettye and not in relation to Wetz.
During the trial, Bettye pled guilty to a misdemeanor charge and was dismissed from the case. Wetz moved for a mistrial on the basis that Bettye’s previously admitted pretrial statements were inadmissible against him. The motion was denied, as was a motion to strike Bettye’s statements. The court indicated, however, that it would consider any proposed curative instruction during the jury phase.
The trial continued with Wetz as the sole defendant. Bettye was not called to testify by Wetz even though he had listed her on his pretrial catalogue and there was no longer a fifth amendment bar to her testifying. Before the jury retired, the trial court gave a curative instruction regarding Bettye’s pretrial statements which had been introduced into evidence.
In Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the Supreme Court held that the admission of a confession of a non-testifying code-fendant deprived a defendant of his rights under the sixth amendment confrontation clause and was so prejudicial that a limiting instruction could not cure the harm. An exception to this general rule was created in Parker v. Randolph, 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979) in which the plurality held that a non-testifying codefendant’s confession could be admitted, with limiting instructions to the jury, where there were “interlocking” confessions, id. at 75, 99 S.Ct. at 2140, 60 L.Ed.2d at 725, that is, where the “ ‘salient facts against the first defendant that appear in the confession of the second defendant also appear in the confession of the first, and vice versa.’ ” Puiatti v. State, 521 So.2d 1106, 1107 (Fla.1988) (citation omitted). The Court in Parker reasoned that a defendant’s own confession was the most probative and damaging evidence that could be admitted against him; that being so, the right of confrontation was not significantly infringed where the confession of the non-testifying codefendant merely repeated the material points already covered in the defendant’s own confession. 442 U.S. at 72-75, 99 S.Ct. at 2138-40, 60 L.Ed.2d at 722-25. That was the state of the law at the time of Wetz’ trial in 1985.
Subsequent to Wetz’ trial, the Supreme Court reversed itself, overruling Parker v. Randolph in the case of Cruz v. New York, 481 U.S. 186, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987). Cruz held that where a non-testifying codefendant’s confession incriminating the defendant was not directly admissible against the defendant, the confrontation clause barred its admission at their joint trial even if the jury was instructed not to consider it against the defendant and even if the defendant’s own admission was admitted against him. 481 U.S. at 193-94, 107 S.Ct. at 1719, 95 L.Ed.2d at 172.
*1192 Wetz asks us to hold that the admission of Bettye’s statements against him, which was proper under the governing Supreme Court decisions at the time of the trial, now constitutes error in light of Cruz. We decline to do so because Cruz contains an explicit exception: “Where two or more defendants are tried jointly ... the pretrial confession of one of them that implicates the others is not admissible against the others unless the confessing defendant waives his Fifth Amendment rights so as to permit cross-examination.” Id. at 189-90, 107 S.Ct. at 1717, 95 L.Ed.2d at 169 (emphasis supplied). In this case, once Bettye pleaded guilty to the misdemeanor and was dismissed from the trial, she no longer had a fifth amendment privilege to invoke. She was available to be called as a witness.[2] The record indicates that Wetz’ ultimate decision not to call Bettye to testify was a tactical one. Since the confrontation clause only requires that a defendant be given an opportunity for cross-examination or its functional equivalent, Ohio v. Roberts, 448 U.S. 56, 70, 100 S.Ct. 2531, 2541, 65 L.Ed.2d 597, 610 (1980), there was no denial of Wetz’ rights to confrontation because Wetz himself could have called Bettye and questioned her, if necessary, as a hostile witness. See id. at 71, 100 S.Ct. at 2542, 65 L.Ed.2d at 611; see also United States v. Owens, 484 U.S. 554, 560, 108 S.Ct. 838, 843, 98 L.Ed.2d 951, 958 (1988).
We have carefully reviewed Wetz’ second point on appeal and we find it to be without merit.
Affirmed.

. Wetz also appealed his separate conviction and sentence for possession of a firearm during the commission of a felony. By agreement of the parties the court relinquished jurisdiction to permit the trial court to entertain a motion for reduction of sentence as to that count. The trial court reduced the sentence to time served, thus mooting that issue.

. Indeed, at the pretrial stage, Bettye had indicated she would be available to testify at Wetz' request so long as there were separate trials, but would invoke her fifth amendment privilege if they were tried together.